```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA                      :
                                              :   CONSENT PRELIMINARY ORDER
      - v. -                                  :   OF FORFEITURE/
                                              :   MONEY JUDGMENT
RAYSA STEPHANY COLÓN,                         :
                                              :   S8 23 Cr. 261 (NSR) - 06
              Defendant.                      :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about October 4, 2024, RAYSA STEPHANY COLÓN (the "Defendant"), was charged in a two-count Superseding Information, S8 23 Cr. 261 (NSR) (the "Information"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d)(Count One); and obstruction of justice – falsification of records, in violation of Title 18, United States Code, Sections 1519 and 2 (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; of any and all interests, in securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, the offense alleged in Count One of this Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count One of the Information;

WHEREAS, on or about October 4, 2024, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 1963, a sum of money equal to $352,680.77 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $352,680.77 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with her co-conspirators, Dagoberto Soto-Ramirez, Saul Arismendy De La Cruz, Juan Jose Genao-Adames, Melvin Espaillat-Fernandez, Edwin Luciano Rodriguez-Genao, Santiago Xavier Maldonado, and Diego Muelas-Gonzalez (collectively, the "Co-conspirators") to the extent a forfeiture money judgments are entered against the Co-conspirators in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United States Attorney Jeffrey C. Coffman, of counsel, and the Defendant and her counsel, Samantha Chorny, Esq., that:

1.  As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $352,680.77 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense

charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with her Co-conspirators, to the extent a forfeiture money judgments are entered against the Co-conspirators in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant RAYSA STEPHANY COLÓN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

      7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: _____   4/20/25
JEFFREY C. COFFMAN                    DATE
Assistant United States Attorney
50 Main Street, Suite 1100
White Plains, New York 10606
(914) 993-1940


RAYSA STEPHANY COLÓN

By: _____   4/25/25
RAYSA STEPHANY COLÓN                  DATE

By: _____   4-25-25
Samantha Chorny, Esq.                 DATE
Attorney for Defendant
SMS Law Firm
113-25 Queens Blvd., Ste. 102
Forest Hills, NY 11375


SO ORDERED:

_____        4/25/2025
HONORABLE NELSON STEPHEN ROMÁN         DATE
UNITED STATES DISTRICT JUDGE

5