USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/03/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

RAYSA STEPHANY COLÓN,

                Defendant.

No. 23-CR-00261-6 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Defendant Raysa Stephany Colon ("Defendant") was charged with conspiracy for burglarizing homes and committing home invasion robberies. (ECF No. 50). On October 4, 2024, pursuant to a plea agreement with the Government, Defendant pled guilty to racketeering conspiracy under 18 U.S.C. § 1962(d) and obstruction of justice under 18 U.S.C. § 1519. On April 25, 2025, the Court sentenced Defendant to 6 months' imprisonment, to be followed by three years' supervised release. (ECF No. 154–55.)

    Presently before the Court is Defendant's motion for compassionate release. (ECF No. 174, "Def Mot.") For the following reasons, Defendant's motion is DENIED.

## LEGAL STANDARD

    Under 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA, a court may reduce a term of imprisonment only after the defendant has exhausted administrative remedies, and only if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is consistent with applicable Sentencing Commission policy statements. *See United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021); *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (finding that both "extraordinary and compelling reasons" and support of Section 3553(a) factors are required for relief.) The exhaustion requirement is mandatory and not subject to judicial waiver. *See Ross v. Blake*, 578 U.S. 632, 638–39 (2016). Once exhaustion is

satisfied, the Court must determine whether the defendant has demonstrated: (1) extraordinary and compelling reasons; (2) that a reduction is consistent with U.S.S.G. § 1B1.13 (the relevant Sentencing Guidelines policy statement), which is now binding and requires, among other things, that the defendant not pose a danger to the community; and (3) that the § 3553(a) factors weigh in favor of a reduction. *See* U.S.S.G. §§ 1B1.13(a)(2), (b).

Application of the § 3553(a) factors requires the Court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," "to afford adequate deterrence," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a); *United States v. Daugerdas*, 613 F. Supp. 3d 807, 812 (S.D.N.Y. 2020). The defendant bears the burden of satisfying each of these requirements. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

## DISCUSSION

The Court DENIES Defendant's motion for compassionate release because she has not exhausted administrative remedies and fails to show extraordinary and compelling circumstances to warrant her release.

### I. No Exhaustion of Administrative Remedies

"Section 3582(c)(1)(A) imposes 'a statutory exhaustion requirement' that 'must be strictly enforced.'" *United States v. Perez*, 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020) (quoting *United States v. Monzon*, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020)). To this end, courts may consider compassionate release motions brought by an incarcerated defendant only if he or she has either (1) fully exhausted the administrative process available at the correctional facility or (2) waited for thirty days after serving his or her petition on the warden of the facility. 18 U.S.C. § 3582(c)(1)(A).

Defendant's submission, however, does not indicate whether she has exhausted the administrative process available to her, nor has she given reason for the Court to waive the requirement. Indeed, the Government's submission confirms that Defendant did not submit a request for her reduction to the Federal Bureau of Prisons. (ECF No. 184, "Gov. Opp.," at 3.) For this reason alone, the Court must deny Defendant's motion for compassionate release.

## II.     Failure to Show Extraordinary and Compelling Reasons for Sentence Reduction

Even if Defendant had exhausted administrative remedies, she has not demonstrated any "extraordinary and compelling reasons" to permit a sentence reduction. Defendant specifically seeks immediate release from prison, pursuant to her: (1) father's current medical condition and inability to care for her child; and (2) own chronic illness. (Def. Mot. at 10–11.)

### a.     Family Circumstances

An inmate's familial circumstances may constitute "extraordinary and compelling circumstances" sufficient to warrant a sentence reduction. These circumstances include caring for a minor child, where defendant is the only available caretaker. *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) (citing U.S.S.G. § 1B1.13, cmt. n.1(C)(i)-(ii)). That said, Section 3582(c) "only authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated." *United States of America, v. Scott Tucker & Timothy Muir*, 2024 WL 3983410, at *27 (S.D.N.Y. Aug. 29, 2024) (citation omitted).

Defendant asserts that she is the sole caregiver for her child who has recently been diagnosed with autism. (Def. Mot. at 4.) According to Defendant, her father—who was intended to be the caretaker of her son—is now incapacitated after undergoing open-heart surgery. (*Id*.) However, this issue was already considered by the Court during Defendant's sentencing. Indeed, in Defendant's sentencing submission, she already asserted that "there is no backup caretaker… [for her child because] her father is recovering

3

from open-heart surgery." (ECF No. 150 at 6.) The Court also notes that Defendant's father "assured [the Probation Officer] that if [Defendant] has to serve a term of imprisonment her minor son will be cared for by family members." (ECF No. 133 ¶ 65.)

While the Court is sympathetic to Defendant's family, she has not explained why no other family member or caretaker is available to care for her child. Defendant has therefore failed to meet her burden to demonstrate that her family circumstances rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction. *See United States v. Lindsey*, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) ("[C]ourts generally required a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established.") (citation omitted).

    **b. Medical Issues**

Defendant next asserts immediate release from prison because she suffers from anemia, which requires weekly transfusions and monitoring. (Def. Mot. at 3.) Defendant, however, provides no examples of how her medical treatment while in prison has been inadequate. To the contrary, the Government provides that Defendant has been seen regularly by health care providers and is receiving treatment for her anemia/iron deficiency.[1] (Gov. Opp. at 4.) Courts have also found that defendants with similar conditions do not meet the "extraordinary and compelling reasons" threshold. *See United States v. Myrick*, 2020 WL 6128943, at *3 (E.D.N.Y. Oct. 19, 2020) (finding that defendant's anemia, hypothyroidism, and elevated blood sugar levels were not enough to constitute extraordinary and compelling reasons for release); *United States v. Baker*, No. 97-cr-877, ECF No. 346, at 5, 9 (E.D.N.Y. April 21, 2020) (compassionate release request denied for 81-year-old defendant who suffered from "diabetes,

---

[1] While the Government asserts that they provided Defendant's medical records as Exhibit 1, they did not appear to attach it to their filing. (Gov. Opp. at 4.) The attached Exhibit 1 appears to be proof of mailing the Court's text order setting the Government's response deadline to Defendant. (*Id*. at 1, Ex.1.)

hyperlipidemia, anemia, carpal tunnel syndrome, glaucoma, hypertension, angina, hemorrhoids, periodontitis, dermatitis, urinary incontinence, retinopathy, heart disease, chronic kidney disease and lower back pain"). The Court therefore finds that Defendant fails to meet her burden to demonstrate that her medical condition rises to the level of "extraordinary and compelling reasons" warranting a sentence reduction.

### III.    Section 3553(a) Factors

Given that Defendant's motion fails on the exhaustion and "extraordinary and compelling circumstance" requirements, the Court need not assess whether Section 3552(a) counsels against a reduction of Defendant's sentence.

### CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Government is directed to serve a copy of this Opinion and Order on the appropriate facility, and to file proof of service on the docket. The Court also acknowledges the Government's concern that an unauthorized third party drafted Defendant's motion.[2] To the extent that Defendant did have an unauthorized third party draft her motion, the Court warns Defendant that it will not accept future filings prepared by a non-legal representative. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 174.

SO ORDERED.

Dated: November 3, 2025
      White Plains, NY

_____
Nelson S. Román, U.S.D.J.

---

[2] The Government asserts that a non-lawyer drafted Defendant's motion. (Gov. Opp. at 5.) There are several instances of Defendant referring to herself in the third person. (*See, e.g.*, Def. Mot. at 1–2.) There are also instances where it appears that Defendant might have been using a template. (*See* Def. Mot. at 5) ("On [date of sentencing], Ms. Colon…."). At this time, it is unclear whether Defendant had an unauthorized party draft her motion, or if she relied on a legal template. Nevertheless, the Court instructs Defendant to refrain from relying on such sources in the future.